**IN THE UNITED STATED DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **ROSELYNN STUART DÁVILA**<br>**PLAINTIFF**<br><br>**VS**<br><br>**INNOVATIVE EMERGENCY MANAGEMENT INC.**<br>**DEFENDANT** | **CIVIL NUM.**<br><br><br>**JURY TRIAL REQUESTED** |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**COME NOW** the Plaintiff, by and through the undersigned attorney, and very respectfully state, allege and pray as follows:

**I. NATURE OF THE ACTION**

1.  This is an action brought by Plaintiff, Roselynn Stuart, (from hereinafter "Stuart"), against her former employer, Innovative Emergency Management Inc., "IEM", or "defendant", for discrimination, harassment, and retaliation, by reason of sex, gender, and opposition against defendant's unlawful employment practices, the violation of civil rights, and torts.

2.  The Plaintiff bring this action to remedy the depravation of rights secured to her, under the constitutions and laws of Puerto Rico and of the United States of America.

3.  Stuart alleges, in synthesis, that she was harassed, discriminated, retaliated, and eventually discharged, by reason of her sex, gender and due to her opposition and participation, against defendant's unlawful employment practices, and her complaints about her terms and conditions of employment. These practices are prohibited by the Constitutions and laws of the Commonwealth of Puerto Rico, as well as of the United States.

4. The Plaintiff has suffered severe damages because of Defendant's actions against her.

5. The Plaintiff requests this Honorable Court, among other things, for compensation for her mental and emotional damages and sufferings, and compensation for her economic damages, loss of benefits, as well as declaratory relief by the Honorable Court.

## II. JURISDICTION

1. The jurisdiction of this Honorable Court is invoked pursuant to diversity jurisdiction under 28 U.S.C.A. sec. 1332. The plaintiffs also invoke this Court's supplemental jurisdiction pursuant to 28 U.S.C. sec. 1367, and seek relief under Puerto Rico's Law No. 100 of June 30, 1959, PR Laws Ann. T. 29 sec. 146 et seq.; Law Num. 69 of July 6th, 1985; Law Num. 17 of April 22nd, 1988; Law Num. 115, of December 21, 1991, as amended, Law Num. 80, of May 30, 1976, and article 1802 of the Civil Code of the Commonwealth of Puerto Rico.

2. The Plaintiff is a US citizen, and resident of the Commonwealth of Puerto Rico.

**3.** The defendant principal place of business and its corporate headquarters, is located at 2801 Slater Road, Suite 200, Morrisville, NC 27560-8477

4. Their action involves a sum of more than $100,000.00, exclusive of interest and cost.

5. This is the proper venue to bring this action since the facts relating to the cause of the action arose in this District.

III. PARTIES

1. Stuart is a female, of legal age, adult, and resident of Puerto Rico. Stuart was born in Bayamon, PR, and at the time of the filing of the Complaint was 41 years old.

2. The defendant is a company and/or entity, authorized to do, and doing business in the Commonwealth of Puerto Rico, with its principal place of business located in 2801 Slater Road, suite 200, Morrisville, NC., 27560-8477, and has continuously employed more than 200 persons in Puerto Rico at all relevant times. At all times, the defendant was an "employer", as defined by all the laws invoked in the Complaint.

3. The plaintiff and defendant are citizens of different states, and there is diversity jurisdiction between plaintiff and defendant.

IV. STATEMENT OF CLAIM

1. The defendant is an engineering, consulting and construction company, with its principal place of business located in 2801 Slater Road, suite 200, Morrisville, NC., 27560-8477, doing engineering, consulting and construction jobs in Puerto Rico.

2. Stuart started working for the defendant around September 18th, 2023, and worked until May 9th, 2024, the day in which she was terminated from her employment.

3. Stuart was hired to occupy a position of Environmental Specialist for the CDBG Investment Portfolio for Growth, IPG Program. Stuart fully complies with the requirements for the Environmental Specialist/Professional position, which was approved by the Puerto Rico Department of Housing, "PRDOH", and at all relevant times, fully comply and performed in an excellent manner her functions and duties.

4. Stuart was assigned to one of defendant's client projects in Bahia Urbana, which was one of the most important projects of the defendant in Puerto Rico.

5. In or around September 19th, 2023, Stuart received instructions from Mr. Edgar Dixon Rodriguez, "Rodriguez," one of defendant's top officers, and one of plaintiff's supervisors, related that even though Stuart could perform all the work requested from the client, PRDOH, she had to allow that Mr. Scott McLeay, whom work remotely from Miami, Florida, to bill for some of the work performed in the project, since the company could bill a higher amount per hour for Mr. McLeay, "McLeay", in comparison with Stuart, due to the traveling expenses, rental car, lodging and other expenses that the defendant billed PRDOH for Mr. McLeay, even though Stuart could perform the work that Rodriguez assigned to McLeay, at a reduced hourly rate. As a result, the defendant assigned Mcleay, to work and billed PRDOH, for work that could be performed by Stuart, at a higher rate than the rate billed by Stuart, for similar work.

6. In or around September 26th, 2023, Rodriguez, told Stuart that she must bill a minimum of 42 hours per week, notwithstanding that Rodriguez assigned to Mcleay some of Stuart functions, and that if Stuart bill 45 hours per week, she will get a salary increase or a year-end bonus, even though Stuart told Rodriguez, that there was not enough work to bill the number of hours that he was requesting from Stuart. Rodriguez told Stuart that if she failed to bill the number of hours that he was requesting from her, she was going to be discharged.

7. Since September 2023, Mr. Noel Roman, "Roman" another defendant's officer, daily, started to make unwelcome sexually charge comments to Stuart, and mobbed Stuart, by making comments related that Stuart pretended to be the boss, by the way that she dressed, due to her nice clothes, and also due to the cars that she had. Roman, also made comments to Stuart, and told her that she was from "Guaynamon", and that Stuart had the same "bitchy look" of women

living in Los Filtros Avenue. Roman also made sexually charge comments, related to Stuart clothes, and the way that Stuart looked and walked.

8. Another of defendant's officers, Mr. Eliot Santos, "Santos", since approximately December 2023, and up until plaintiff's discharge, started to make unwelcome sexually charge comments and conduct against Stuart, by inviting Stuart to happy hours, making comments about Stuart clothes, shoes, nail polish, hair, body. "Ruiz" also invited Stuart, since approximately March 2024, to trips and to hotels in New York and Puerto Rico, which Stuart declined.

9. Stuart, on November 2nd, 2023, had to visit Bahia Urbana project, along with Roman, and Roman, even in front of the clients' contractor, and CDBG subrecipient, made unwelcome sexually charge comments to Stuart, related to her blouse, her clothes, the way that she looked, and the way she walked. Stuart rejected Roman conduct, sexual comments and advances, and informed Roman that his conduct was unwelcome, and informed Roman that if he continues with the actions previously described, she will complain to his supervisors

10. As a result of Stuart rejection, Roman deleted Stuart from the Bahia Urbana project email list, and excluded her from email communications and virtual meetings related to the project, and assigned to McLeay, the functions and duties of Stuart related to Bahia Urbana project, and treated McLeay as the project Environmental Specialist, instead of Stuart.

11. Roman also, after Stuart rejection, complained against Stuart to defendant's management, alleging that Stuart made negative comments about the defendant to the client, during the meeting at Bahia Urbana project, which was false, and requested that Stuart be removed from the project, and as a result, discharged.

12. The defendant, after Roman complaint against Stuart on November 3rd, 2023, interviewed Stuart, and she informed defendant's officers, Mr. Jesus Lopez, "Lopez" and Mr. Luis

Rubi, "Rubi", about Roman actions against her, as well as about Roman unwelcome, sexually charge conduct against her. Stuart, on November 7, 2023, complained also to Rafael Torres from Human Resources about Roman actions against her. The defendant, notwithstanding plaintiff's complaint, never took any type of corrective action, and as a result, Roman continued with the previously described actions and conduct against Stuart, up until her termination.

**13.** The defendant, in or around December 2023, assigned Stuart to work in a second program, INFRA-MIT. Stuart, due to defendant's actions of assigning her to work for two different programs, on April 4th, 2024, requested a salary increase, or as an alternative, requested to be paid for the overtime hours worked by her, which even though the defendant invoiced the clients for the overtime hours worked by Stuart, she was not paid for the same. In the meeting of April 4, 2024, Lopez told Stuart that she needed to add billable hours, regardless, of whether work was performed or not, and that if Stuart did not agree with his instructions, she can go and complain to Human Resources, since nothing was going to happen. Nevertheless, the defendant never increased Stuart salary, nor paid her any overtime compensation, and retaliated against her because of Stuart's complaints about her terms and conditions of employment

14. Immediately after Stuart was assigned to work in the INFRA-MIT project, defendant's officers, Mr. Wilmer Colon and Mr. Jesus Lopez, informed Stuart that she had to invoice for that program, a minimum of 50 to 52 hours per week, even though some of the work that was billed by Stuart in one of the programs (IPG) to which she was assigned, was similar, and could be used for the other program, and Stuart will, as a result, be over billing both programs. Stuart, informed both, Colon and Lopez, that she could not bill 50 to 52 hours per week, since she would be overbilling the client, nevertheless, both, Colon and Lopez informed Stuart, that she either bill 50 to 52 hours per week, or else, she was going to be discharged.

15. Stuart, notwithstanding defendant's officers' orders related to the billing of 50 to 52 hours per week, billed only for the work actually performed for each program, and as a result, billed for approximately 40 hours per week, and did not overbill the client.

16. As a result of Stuart refusal to overbill her clients, the defendant retaliated against her, and the defendant took away from Stuart some of her functions and duties and assigned the same to other project assistants (PA), among these, to Mr. Oscar Ruiz "Ruiz".

17. Defendant's officers excluded Stuart from meetings with her clients, and simply ignored her, and did not consult with Stuart different environmental issues and problems that surfaced in the different projects, and which were part of Stuart functions and duties.

18. Stuart, on April 4th, 2024 requested a meeting with Lopez, and complained to Lopez about her terms and conditions of employment, since Stuart was working for two programs with the same salary, and requested a salary increase, due to the drastic increase in functions and duties, or as an alternative, to receive overtime compensation, even more, since the defendant was charging the clients for all the overtime worked by Stuart. Nevertheless, the defendant never took any corrective action and Lopez told Stuart that in his program there are people that can make the same things that Stuart did, for a lesser salary and that if Stuart did not like it, to leave and resign.

19. Stuart, on May 7th, 2024, complained to defendant's officers, Lopez and Mrs. Linnette Diaz, "Diaz", Stuart direct supervisor, about the conduct and actions of Santos and Colon against her, among these, of removing from Stuart her functions and duties as Environmental Specialist, and assigning the same to Mr. Oscar Ruiz and other project assistants (PA), and also about the actions of Colon, that consistently addressed Stuart in a loud, overbearing manner, and not consulting with Stuart, the different environmental issues in the projects, which were part of

Stuart functions and duties. The defendant again, notwithstanding Stuart complaints, failed to take any type of corrective action,

20. Due to the fact that Stuart was being visibly excluded from her duties as an Environmental Specialist, and as Colon continued reassigning her tasks to other project assistants, in her presence, and continued with the previously described harassing, discriminatory and retaliatory actions against the plaintiff, Stuart requested a meeting with Lopez and Diaz to complain against Colon. Later, Lopez, in or around May 7th, 2024, convened a meeting between Stuart, Lopez, his supervisor, Jared Jakuboswki, "Jared", and two remote Human Resources representatives were also present, and during the meeting, Stuart complained again about the actions of Colon against her previously described. Following the meeting, Jared instructed Stuart to work remotely until further notice. Two days later, Stuart was terminated. The defendant, almost immediately after Stuart complained, discharged the plaintiff on May 9th, 2024, and never took any action against Colon, who continued to work with the defendant, even as of today.

11. The previously described actions from defendant's officers against Stuart, and defendant's failure to take any corrective actions notwithstanding plaintiff's complaints, drastically and negatively, affected plaintiff's terms and conditions of employment, as well as her mental and emotional condition, and created a hostile work environment because of plaintiff's sex, gender and protected activities.

16. Defendant's actions and omissions previously described, constituted discrimination, harassment and retaliation, because of plaintiff's sex, gender and opposition against defendant's unlawful employment practices, were contrary and in violation, to laws number, 17, 69, 100, 115 and 80, supra.

20. As a result of the events described herein, Stuart suffered considerable damages, including loss of compensation for her work, significant emotional and physical sufferings, loss of self-esteem as well as an affront to her dignity as a human being.

### FIRST CAUSE OF ACTION

1. Plaintiff alleges and realleges all previous paragraphs as if fully alleged herein.

2. The events described herein constitute illegal harassment, discrimination and retaliation, due to plaintiff's sex, and gender, in violation of laws number 17, 69, and 100.

### SECOND CAUSE OF ACTION

1. Plaintiff alleges and realleges all previous paragraphs as if fully alleged herein.

2. The events described herein constitute retaliation for plaintiff's opposition against defendant's unlawful employment practices, and complaints related to her terms and conditions of employment, in violation to Law num. 115.

### THIRD CAUSE OF ACTION

1. Plaintiff alleges and realleges all previous paragraphs as if fully alleged herein.

2. The events described herein constitute an unlawful discharge in violation to Law Num. 80.

### RELIEF

**WHEREFORE**, the Plaintiff pray to the Honorable Court:

1. Award the Plaintiff double damages.

2. Award Plaintiff damages in the amount of not less than $200,000.00 for mental anguish, mental and emotional sufferings and distress.

3. Award Plaintiffs back pay, front pay and economic damage caused as a result of the illegal acts in the amount not less than $300,000.00.

4. Award Plaintiff the cost of her action, together with reasonable attorney's fees.

6. Award Plaintiff liquidated.

7. Award the plaintiff' her severance payment.

8. Reinstatement.

9. Award Plaintiff compensatory damages.

10. Award Plaintiff punitive damages.

11. Award Plaintiff any other remedies to which they are entitled to, under the laws invoked in **her** Complaint, and in equity.

12. The plaintiff interrupted and tolled all the statutes of limitations of all the laws invoked in the Complaint

**A JURY TRIAL IS HEREBY REQUESTED.**

In San Juan, Puerto Rico this 7th day of February of 2025.

**RESPECTFULLY SUBMITTED.**

                    **s:/*ANIBAL ESCANELLAS RIVERA*** 
                    **Aníbal Escanellas Rivera**
                    **U.S.D.C. #208908**
                    escanellasrivera@gmail.com

                    **ESCANELLAS & JUAN, PSC**

204 Domenech Avenue
San Juan, Puerto Rico 00918
Tel. 787.758.3000 Fax: 787.250.111
escanellasjuan@yahoo.com