IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ROSELYNN STUART-DAVILA,**<br><br>*Plaintiff,*<br><br>v.<br><br>**INNOVATIVE EMERGENCY MANAGEMENT, INC.,**<br><br>*Defendant.* | **CIVIL NO. 25-CV-01088 (CVR)** |

## MOTION TO DISMISS

**TO THE HONORABLE COURT:**

**COMES NOW** Defendant *Innovative Emergency Management, Inc.* ("Innovative" or "Defendant"), through the undersigned counsel, and moves the Court to dismiss Plaintiff's Complaint, with prejudice, for failure to state a claim upon which relief can be granted, and in support thereof, respectfully states as follows:

### I.   INTRODUCTION

The Plaintiff's Complaint is essentially a wrongful discharge claim based on allegations of retaliation and a hostile work environment arising from "sexually charged" comments from her co-workers and alleged retaliation for her complaints regarding the requirements of her position.

1

Invoking diversity jurisdiction, the Plaintiff sets forth three causes of action against Defendant, all based on Puerto Rico law:

- First Cause of Action alleges harassment, discrimination and retaliation due to Plaintiff's sex and gender in violation of the statutory protections afforded employees under Puerto Rico Law 17, 29 L.P.R.A. §155; Puerto Rico Law 69, 29 L.P.R.A. §1321, et seq.; and Puerto Rico Law 100, 29 L.P.R.A. §146 et seq.
- Second Cause of Action alleges retaliation for Plaintiff's complaints about her employment terms and conditions in violation of Puerto Rico Law 115, 29 L.P.R.A. §194.
- Third Cause of Action alleges unlawful termination of employment in violation of Puerto Rico Law 80, 29 L.P.R.A. §185.

Although not enumerated as a cause of action, Plaintiff's Complaint also seeks relief pursuant to Puerto Rico's general tort statute, citing Article 1802, now Article 1536 of the Civil Code of Puerto Rico (2020), 31 L.P.R.A. §10801.

As Defendant demonstrates below, Plaintiff does not plead conduct that is sufficiently severe or pervasive to constitute a hostile work environment in accord with First Circuit standards. Furthermore, while Plaintiff alleges that she complained about the terms and conditions of her employment, the complaints she allegedly made did not rise to the level of protected activity that would satisfy her prima facie case under Puerto Rico's Anti-Retaliation statute. Finally, because Plaintiff did not complete the applicable probationary period, she is not entitled to relief under Puerto Rico's Wrongful Termination law. Because Plaintiff's

Complaint fails to meet the applicable legal standards necessary to state a plausible claim under the statutes cited, Defendant moves for dismissal of the Complaint in its entirety.

## II.   FACTUAL BACKGROUND

Innovative Emergency Management, Inc. is an engineering, consulting and construction company with a principal place of business in the state of North Carolina and doing business in Puerto Rico. See Complaint §IV, ¶1. Plaintiff worked for Defendant as an Environmental Specialist from September 18, 2023, until May 9, 2024. See Complaint §IV, ¶¶2,3. Plaintiff was employed with Defendant for a total of 7 months and 21 days.

Plaintiff alleges that, from her first month of working for Defendant, non-supervising co-worker Noel Roman ("Roman") made unwelcome sexually charged comments to her and "mobbed" her by commenting that she "pretended to be the boss, by the way that she dressed, due to her nice clothes, and also due to the cars that she had," "told her she was from Guayamon," and that she had the "bitchy look" of women who lived in the area. On November 2, 2023, Plaintiff alleges that Roman commented on Plaintiff's "blouse, her clothes, the way that she looked and the way she walked." Plaintiff rejected Roman's comments and told him she would complain to his supervisors if he did not stop. See Complaint §IV, ¶7, 9. A few days later, Plaintiff reported Roman's conduct to Jesus Lopez ("Lopez") and Luis Rubi; and then on November 7, 2023, Plaintiff repeated her complaint to Human Resources officer Rafael Torres. Plaintiff alleges that no corrective action was taken

3

against Roman and that he "continued with the previously described actions and conduct" until Plaintiff was terminated but pleads no further specific incidents. See Complaint §IV, ¶12.

Plaintiff alleges that "since approximately December 2023," another non-supervising co-worker, Eliot Santos ("Santos"), made "unwelcome sexually charge (sic) comments" by inviting Plaintiff to "happy hours" and commenting on Plaintiff's "clothes, shoes, nail polish, hair, body." See Complaint §IV, ¶8. Plaintiff pleads no further allegedly sexually harassing conduct from Santos. Plaintiff does not allege that she reported this incident to Human Resources. Plaintiff alleges that "since approximately March 2024," another non-supervising co-worker, Oscar Ruiz ("Ruiz"), invited Plaintiff to "trips and to hotels in New York and Puerto Rico." See Complaint §IV, ¶8. Plaintiff pleads no further allegedly sexually harassing conduct from Ruiz. Plaintiff does not allege that she reported this incident to Human Resources.

Within the first two weeks of working for Defendant, Plaintiff objected to supervisors' instructions to bill a specified number of hours on her project and to work as a team with other co-workers. See Complaint §IV, ¶5,6. In the third month of working for Defendant, she complained about being assigned a second project and demanded a raise or overtime pay, despite having previously complained that she did not have enough work to comply with Defendant's billed hours and teamwork requirements. See Complaint §IV, ¶6,13,14.

4

Throughout her employment, Plaintiff continued to refuse to comply with Defendant's project management requirements. See Complaint §IV, ¶14,15,16. On April 4, 2024, Plaintiff repeated her demand for a raise or overtime pay. See Complaint §IV, ¶18.

On May 7, 2024, during a meeting she requested with management and Human Resources representatives, Plaintiff complained about "officer" Wilmer Colon, who she alleges reassigned her duties to another employee after she refused to comply with project management requirements and who addressed her in a "loud, overbearing manner." See Complaint §IV, ¶14,15,16,19,20. Plaintiff's employment with Defendant was terminated on May 9, 2024. See Complaint §IV, ¶20.

### III. MEMORANDUM OF LAW

#### A. Standard for Motions to Dismiss

To withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "While detailed factual allegations are not required, more than labels and conclusions are needed." Santana-Colon v. Houghton Mifflin Harcourt Pub. Co., 81 F.Supp.3d 129, 131-132 (D.P.R. 2014). A claim meets this standard when the complaint includes factual content that enables the court to reasonably infer above the speculative level that the defendant is liable for the alleged misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Dixon v Shamrock Fin. Corp., 522 F.3d 76, 79 (1st Cir. 2008). If the

factual allegations are too conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal. S.E.C. v Tambone, 597 F.3d 436, 442 (1st Cir. 2010).

### B. Sexual Harassment, Discrimination and Retaliation

Law 100 is Puerto Rico's general employment discrimination statute and bans discrimination on the basis of sex, among other protected grounds. 29 L.P.R.A. § 146. Law 69 specifically forbids discrimination on the basis of sex and dismissal due to an employee's opposition to discriminatory practices. 29 L.P.R.A. § 1323. Law 17 prohibits sexual harassment and protects employees from retaliation based on the employee's participation in the investigation of a sexual harassment complaint. Together, Laws 100, 69 and 17, as pled by Plaintiff, form the basis of her claim that she was subjected to sexual harassment that resulted in a hostile work environment.

To succeed in pleading a hostile work environment sexual harassment claim, Plaintiff must establish facts that indicate: 1) membership in a protected class and 2) unwelcome sexual harassment, 3) which was based on sex, 4) was sufficiently severe or pervasive, 5) was objectively and subjectively offensive and 6) that there is some basis for employer liability. Gerald v. University of Puerto Rico, 707 F.3d 7, 17 (1st Cir. 2013) citing Forrest v. Brinker Int'l Payroll Co., 511 F.3d 225, 228 (1st Cir. 2007). Bare bones recitals of the elements of a cause of action or unadorned factual assertions are inadequate. Mead v. Independence Ass'n, 684 F.3d

226, 231 (1st Cir. 2012). The real question in the First Circuit is "whether the bad acts taken in the aggregate are sufficiently severe or pervasive to be actionable, for which the Court will look at the following individual factors: the severity of the conduct, its frequency, whether it is physically threatening or not, and whether it interfered with the plaintiff's work performance. Gerald, 707 F.3d at 18 citing Bhatti v. Trustees of Boston Univ., 659 F.3d 64, 73-74 (1st Cir. 2011).

Taking the allegations of the Complaint in the light most favorable to Plaintiff's claims, Plaintiff alleges to have been subjected to verbal conduct from non-supervising co-worker Noel Roman from an undisclosed date after September 18, 2023 when he said that she "pretended to be the boss, by the way that she dressed, due to her nice clothes, and also due to the cars that she had," "told her she was from Guayamon," and that she had the "bitchy look" of women who lived in the area. Complaint §IV, ¶7. And then the same employee made additional verbal comments on November 2, 2023 when he commented on Plaintiff's "blouse, her clothes, the way that she looked and the way she walked." Complaint §IV, ¶9. Plaintiff alleges verbal conduct from two other employees which consist of comments about her appearance and invitations to social activities. Complaint §IV, ¶8. She did not report these latter two employees or their comments nor does the Complaint allege further bad conduct from them.

The question at this juncture is whether a reasonable jury could find the harassment of which Plaintiff complains sufficiently severe and pervasive and offensive to such a subjective and objective degree to constitute a hostile and abusive environment. Other than legal conclusions and the factual assertions of verbal conduct, Plaintiff fails to aver instances that go beyond the threshold of isolated and off-hand comments by co-workers. In the First Circuit, conduct is actionable only when it "goes beyond the merely offensive and approaches tangible injury (including psychological injury). Factors to be considered include frequency, severity, whether the conduct is physically threatening or humiliating, and whether it unreasonably interferes with an employee's work performance." <u>Ramos-Santos v. Hernandez-Nogueras</u>, 867 F.Supp.2d 235 (D.P.R. 2012) citing <u>Hernandez-Loring v. Universidad Metropolitana</u>, 233 F.3d 49, 56 (1st Cir. 2000). In the 7 months and 21 days that Plaintiff worked for Defendant, she alleges she was verbally harassed my Roman in the first 2 months, subject to appearance-based comments by second employee Santos in or around December of 2023 and invited to trips by third employee Ruiz in March 2024. Rather than pervasive and severe, the conduct of which Plaintiff complains, as pleaded, demonstrates episodic and mild annoyances which at no point reached the threshold level of abusive or physically threatening conduct.

Because Plaintiff's allegations do not remove her claim beyond the realm of speculation, it must be dismissed. Furthermore, because the alleged conduct by the

8

employees Santos and Ruiz (Complaint §IV, ¶8) were never reported to the employer, that conduct cannot form the basis of actionable sexual harassment for which Defendant can be held liable. For failure to adequately plead the 6 elements of a hostile work environment sexual harassment claim in the 1st Circuit, Plaintiff's first cause of action must be dismissed.

### C. Retaliation Claim

Plaintiff claims to have been subjected to retaliatory actions by Defendant for her "opposition to Defendant's unlawful employment practices and complaints related to her terms and conditions of employment." Complaint, page 9, Second Cause of Action, ¶2. Law 115 prohibits employers from taking adverse action against employees in response to certain protected activities. 29 L.P.R.A. §194a. A plaintiff must establish a prima facie case by proving that she participated in an activity protected by the statute and that she was subsequently discharged and that a non-discriminatory reason given by the Defendant for the discharge is plausibly pretextual. 29 L.P.R.A. § 194a.

From the face of Plaintiff's Complaint, throughout her employment, Plaintiff continued to refuse to comply with Defendant's project management requirements. See Complaint §IV, ¶14,15,16. An employer has wide discretion to take legitimate management decisions based on business needs and performance expectations. Employers are afforded this discretion because the Courts are not to sit as "super personnel departments, assessing the merits-or even the rationality-of employers' nondiscriminatory business decisions." Mesnick v.

9

Gen. Elec. Co., 950 F.2d 816, 825 (1st Cir. 1991). Law 115 does not cloak an employee's insubordination with legal protection and is certainly not the type of whistleblowing conduct that Law 115 seeks to incentivize, such as lodging an internal complaint or a complaint with the Anti-Discrimination Unit of the Department of Labor. Plaintiff does not allege any facts that shed light on any other protected activity that she engaged in and furthermore does not elucidate specific facts that would support an inference that Defendant's decision to dismiss her was pretextual and that she was singled out for punishment while other similarly situated employees were not. Consequently, Plaintiff's pleading pursuant to Law 115 is insufficient to survive dismissal.

    D.  Unlawful Dismissal

Under Law 80, Puerto Rico's Unlawful Dismissal Act, employees hired for an indefinite period of time who are discharged without just cause are entitled to compensation as set forth in the statute. 29 LPRA §185a. However, an employee who is hired for a fixed term and one who is terminated during the probationary period have no right to the remedies provided under Law 80 because they do not have an expectation of continuity in employment.  29 LPRA §185h; see also Alvarado-Rivera v. Oriental Bank and Trust, 914 F.Supp.2d 198 (D.P.R. 2012). Plaintiff alleges that she was employed by Defendant for a period of 7 months and 21 days. The automatic probationary period under Puerto Rico law is 12 months for exempt employees and 9 months for non-exempt employees. 29 LPRA

§185a. Although Plaintiff does not allege her probationary period, this Court can take judicial notice of the fact that 7 months and 21 days is less than either period set forth in the statute. Because Plaintiff was dismissed prior to the expiration of her probationary period, Defendant is exempt from the economic indemnity provisions of Law 80 and therefore Plaintiff's claim for statutory compensation under Law 80 must fail as a matter of law.

E. General Tort Claim

Plaintiff's Complaint invokes this Court's jurisdiction pursuant to, inter alia, "Article 1802 of the Civil Code of the Commonwealth of Puerto Rico." Complaint §II, ¶1. Puerto Rico's general tort statute provides that a person who "causes damage to another through fault or negligence shall be obliged to repair the damage so done." 31 L.P.R.A. §10801. The Puerto Rico Supreme Court has held that when a specific labor-employment law covers the type of conduct for which Plaintiff seeks damages, she is barred from relying on that same conduct to sustain a tort claim. Franceshi-Vazquez v CVS Pharmacy, 183 F.Supp.3d 333, 344-345 (D.P.R. 2016), citing Pagan Colon v. Walgreens of San Patricio, Inc., 190 P.R. Dec. 251, 260 (2014). To the extent that Plaintiff attempts to allege Defendant liability based on Puerto Rico's general tort statute, now Article 1536 of the Civil Code of Puerto Rico (2020), 31 L.P.R.A. §10801, the same must be dismissed as a matter of law for failure to aver any allegedly negligent conduct separate from that covered by the specific employment discrimination laws.

## IV.     CONCLUSION

The allegations of the Complaint against Defendant Innovative fail to state a claim upon which relief can be granted. The Plaintiff's pleadings fail to allege harassment so severe and pervasive as to alter the terms and conditions of her employment. Furthermore, the protected activity for which Plaintiff alleges to be entitled to Law 115 protection, consists of, in her own words, "opposition to Defendant's unlawful employment practices" which relate strictly to her refusal to accept her supervisor's instructions regarding minimum billable hours and projects distribution. Finally, Plaintiff's recitations of Law 80 and Puerto Rico's general tort statute and claims for relief pursuant thereto are inapposite to the facts alleged in the Complaint. For these reasons, Defendant Innovative respectfully moves this Court to dismiss Plaintiff's claims in their entirety.

**WHEREFORE**, Defendant Innovative Emergency Management, Inc. respectfully requests that the Court grant the present motion and dismiss the Complaint, and all claims set forth therein, with prejudice, and that it award Defendant the corresponding costs and legal fees.

In San Juan, Puerto Rico this 21st day of April 2025.

**RESPECTFULLY SUBMITTED,**

**FABRE** LLC
*Attorney for Innovative Emergency Management Inc.*

PMB 295 PO Box 70344
San Juan PR 00936
Tel. 787.457.0064
ismalia@fabrelaw.com

*/s/ G. Ismalia Gutierrez-Galang*
G. ISMALIA GUTIERREZ-GALANG
USDC-PR No. 218513

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this same day I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which notifies the parties.

*/s/ G. Ismalia Gutierrez-Galang*